IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KELDRICK WASHINGTON,                                    PETITIONER
#179994

VS.                              CIVIL ACTION NO. 5:25-CV-97-DCB-MTP

BURL CAIN and WARDEN                                   RESPONDENTS
ANGELENA JOHNSON


**ORDER ADOPTING REPORT AND RECOMMENDATION**

On April 13, 2026, United States Magistrate Judge Michael Parker entered his Report and Recommendation ("R&R") [ECF No. 20] recommending that, after a review of the entire record and all the applicable law, Respondents' Motion to Dismiss [ECF No. 16] be granted, and that Petitioner Keldrick Washington's Motions for Evidentiary Hearing, and Declaratory and Injunctive Relief [ECF Nos. 13 and 19] be denied.  Accordingly, Magistrate Judge Parker recommended that the Petition [ECF No. 1] for Writ of Habeas Corpus relief, filed by Washington pursuant to 28 U.S.C. § 2254, be dismissed with prejudice as untimely.

Since that time, Respondents filed a Partial Objection [ECF No. 22], Petitioner filed his Objections [ECF No. 23], and Respondents filed a Response in Opposition to Petitioner's Objections [ECF No. 24].  In addition, Petitioner filed several motions seeking miscellaneous relief.  <u>See</u> [ECF Nos. 26, 30, 34,

and 35].[1]   After due consideration of the R&R, the record, the parties' filings, and relevant legal authority, the Court concludes that Petitioner's Objection [ECF No. 23] should be overruled, and that the Respondents' Partial Objection [ECF No. 22] is well taken.  Petitioner's various motions [ECF Nos. 26, 30, 34, and 35] are denied without prejudice as moot.  Accordingly, with the modification, as described in this Order, the R&R is hereby adopted as the opinion of the Court.

I.    PROCEDURAL HISTORY

A bit of background is in order.  On November 12, 2012, following Washington's guilty plea to manslaughter, the Circuit Court of Adams County sentenced Washington to a term of fifteen years in prison.  [ECF No. 16-3].  The court provided that after Washington served five years, his sentence would be suspended, and he would be placed on post-release supervision for a period of ten years.  Id. Washington was released from prison on August 8, 2015,

---

[1] In three of these motions, Washington seeks expedited consideration of his Petition in advance of his release on earned release supervision.  See [ECF Nos. 30, 34, and 35].  According to the MDOC website, Washington's tentative release date is August 5, 2026.  See https://www.mdoc.ms.gov/inmate_search/getDetails/179994 (last visited July 10, 2026).  The motion at docket entry number 30 asks for expedited relief from this Court.  However, the motions at docket entry numbers 34 and 35 are directed to the Circuit Court of Adams County, not this Court.  The motion at docket entry number 26 alleges that officers where Washington is incarcerated have attempted to interfere with his meaningful access to the courts with regard to this action.  Because the Court adopts the R&R in relevant part, with the exception as detailed in this Order, these Motions are denied without prejudice as moot.

2

and placed on post-release supervision.  See [ECF No. 15-1] at 78; [ECF No. 16-4] at 3.

On May 27, 2021, state authorities arrested Washington and charged him with several counts related to weapons possession. [ECF No. 16-5].  On August 6, 2021, the Circuit Court found that Washington had violated his post-release supervision, revoked his suspended sentence, and remanded him to the custody of the Mississippi Department of Corrections to serve the remainder of his sentence.  [ECF No. 16-6].

Beginning on September 22, 2025, he filed various motions for relief from judgment in state court, which were denied.  See [ECF No. 16-8], [ECF No. 16-9].  Washington also filed his Petition for a Writ of Habeas Corpus relief in this Court on September 22, 2025. See Pet. [ECF No. 1].  The Respondents' Motion to Dismiss [ECF No. 16] followed and, after it was fully briefed, the Magistrate Judge issued his R&R recommending dismissal of the petition with prejudice on April 13, 2026.  See [ECF No. 20].

In his R&R, Magistrate Judge Parker thoughtfully considered the Petition and the various arguments presented by the parties. He found that Washington is not entitled to statutory tolling under 28 U.S.C. § 2244(d) as to either his initial conviction (dated February 27, 2013) or the 2021 revocation of his suspended sentence (which occurred on August 6, 2021).  Washington's federal habeas

3

petition was filed more than twelve years after his November 29, 2012, judgment of conviction for manslaughter became final and approximately four years after his August 6, 2021, order of revocation became final.  As to the revocation, Magistrate Judge Parker calculated that Washington's order of revocation became final on November 6, 2021, ninety days after the order of revocation was entered.  See [ECF No. 20] at 4.

Magistrate Judge Parker also concluded that Washington is not entitled to equitable tolling, as he failed to establish "rare and exceptional circumstances" to warrant equitable tolling.  See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002) (citation omitted).  After examining the record, the Magistrate Judge found that Washington's allegations of a "fabricated indictment" did not meet the standard of "actual innocence," which requires "factual innocence, not mere legal insufficiency."  See Bousley v. United States, 523 U.S. 614, 623-624 (1998).  Most importantly, with regard to the "actual innocence" argument, the Magistrate Judge observed that Washington did not point to any "new reliable evidence" to prove his claim of actual innocence.  See Schlup v. Delo, 513 U.S 298, 324 (1995).  See [ECF No. 20] at 5-8.

Accordingly, the R&R concluded that Washington's claims of defective indictment and unlawful revocation of his suspended sentence did not establish actual innocence to avoid the statutory

4

bar of § 2244(d).  The R&R also found that because his petition is time-barred, Washington was not entitled either to an evidentiary hearing or declaratory and injunctive relief.  See id. at 8-11.

   II.  STANDARD OF REVIEW

    When a party objects to a Report and Recommendations, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); see also Longmire v. Gust, 921 F.2d 620, 623 (5th Cir. 1991)(party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made.").  Such review means that this Court will examine the entire record and will make an independent assessment of the law.  However, the Court is not required to make new findings of fact in order to conduct a de novo review, Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge."  Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993).  The Court also need not consider "[f]rivolous, conclusive or general objections."  Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).  No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition.  Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993).

5

III. DISCUSSION

Petitioner has filed Objections to the R&R.  See [ECF No. 23].  The Court has examined them and finds that the objections are without merit.  The R&R addressed all of Washington's arguments that he raised in his petition.  Moreover, he cannot raise a factual objection by "merely re-urging arguments contained in the original petition."  Id.  Accordingly, Petitioner's objections are overruled.

The Court now turns to the Respondents' Partial Objection. See [ECF No. 22].  After examining the relevant law and procedural timeline, the Court agrees with the State's contention.  According to the record, the Circuit Court of Adams County revoked Washington's suspended sentence on August 6, 2021.  See [ECF No. 16-6].  Although the R&R calculated that the judgment became final ninety days later, on November 4, 2021, Respondents have pointed the Court to case law that states otherwise.

Under Mississippi law, "an order revoking a suspension of sentence or revoking probation is not appealable."  Griffin v. State, 382 So. 2d 289, 290 (Miss. 1980) (citation omitted).  Thus, because there is no "direct review" of the order of revocation, the order becomes final on the date it is entered for purposes of the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), absent tolling or any other

6

applicable exception.  See 28 U.S.C. § 2244(d)(1)(A) (stating that "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").  This Court has consistently determined that the AEDPA statute of limitations begins running on the date on which the state's order revoking a suspended sentence or probation is entered.  See, e.g., Wilson v. Cain, No. 3:25cv251-TSL-RPM, 2026 WL 376379, at *2 (S.D. Miss. Jan 26, 2026), report and recommendation adopted, 2026 WL 376304 (S.D. Miss. Feb. 10, 2026); see also Sanford v. Thaler, 481 Fed. App'x 202, 203 (5th Cir. July 19, 2012) (finding that the AEDPA limitation period for a Texas parole revocation decision began to run on "'the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence.'") (quoting 28 U.S.C. § 2244(d)(1)(D)).

Accordingly, Washington's judgment on the revocation of his suspended sentence became final on the date it was entered, August 6, 2021, and not ninety days later, on November 4, 2021, as the Magistrate Judge concluded.  Because Washington has failed to demonstrate that he is entitled to either statutory or equitable tolling, the AEDPA one-year statute of limitations for any federal habeas petition challenging the revocation of his suspended sentence expired on August 6, 2022.  Washington filed his federal

habeas petition in this Court on September 22, 2025.  See Pet. [ECF No. 1] at 5.[2]  Under the AEDPA, Washington filed his federal habeas petition challenging the revocation of his suspended sentence over three years after the federal statute of limitations had expired.

IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1), this Court has conducted an independent review of the entire record and a de novo review of the matters raised in the objections.  For the reasons set forth above, this Court concludes that Washington's Objections [ECF No. 23] lack merit and should be overruled.  The Court finds that the Respondents' Partial Objection is well-taken.  With that noted exception, the Court concludes that the proposed R&R is otherwise an accurate statement of the facts and correct analysis of the law.  Therefore, the Court accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the R&R, as modified herein.

Accordingly, it is ordered that United States Magistrate Judge Parker's R&R is accepted pursuant to 28 U.S.C. § 636(b)(1),

---

[2] Under the "mailbox rule," "[i]t may be reasonably inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it."  Punch v. State of Louisiana, 1999 WL 462729, *2 n.3 (E.D. La. July 29, 1999); see also, Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999).  Accordingly, the Court infers that Washington delivered his petition to prison officials for mailing on the date he signed it, September 22, 2025.

as modified herein, and that Petitioner Washington's claims are DISMISSED WITH PREJUDICE.  Petitioner Washington's motions at [ECF Nos. 26, 30, 34, and 35] are denied without prejudice, as moot.

IT IS FURTHER ORDERED that a certificate of appealability is denied.  Petitioner Washington has failed to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," nor has he shown that "jurists of reason would find it debatable whether [this] court was correct in its procedural ruling[s]." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 16th day of July, 2026.

　　　　　　　　　　　　 /s/ David Bramlette
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

9